**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SUMIT KUMAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-536-G** |
| | ) | |
| **MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## ORDER

Petitioner Sumit Kumar filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement. Certain Respondents have filed an Answer (Doc. No. 13), and Petitioner has replied (Doc. No. 15). Petitioner also filed a Motion for Temporary Restraining Order (Doc. No. 5), to which Respondents filed a Response (Doc. No. 14).

*I. Background*

Petitioner "is a citizen of India," who entered the United States "on or about April 12, 2023." Pet. ¶¶ 14, 21. He was "taken into custody" and charged by ICE "as being

[1] David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement, Sirce E. Owen, Acting Director of the Executive Office of Immigration Review, and Chris Gantt, Warden of Cimarron Correctional Facility, are hereby substituted as respondents for Todd Lyons, Daren Margolin, and Scarlet Grant, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are: Markwayne Mullin, Secretary of U.S. Department of Homeland Security; Todd Blanche, United States Attorney General; Acting Director Venturella; Joshua Johnson, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement, and Acting Director Owen.

inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection." *Id.* ¶¶ 22-23. He was then "release[d] into the community," "obtained employment authorization," and, in May 2023, filed an asylum application. *Id.* ¶¶ 24, 26.

Petitioner alleges that he "was taken into custody" on March 9, 2026, "in Oklahoma" and has been "in immigration detention" since that date. *Id.* ¶ 14. Respondents state that, after ICE "confirmed that Petitioner was not lawfully present and authorized his arrest," the Oklahoma Highway Patrol "arrested Petitioner" on March 9, 2026. Answer at 6. Petitioner "was transferred to ICE custody on March 10, 2026," and, according to Respondents, "has not sought a bond hearing." *Id.*

The Petition alleges that "[n]o custody redetermination hearing was provided," that "ICE did not set bond," and that Petitioner "could not" and "did not apply for a bond" because "all immigration judges are subject to" *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, pursuant to 8 U.S.C. § 1225(b)(2)(A), "those who entered the country without admission or parole are ineligible for a bond hearing." Pet. ¶¶ 14, 28-29.[2]

[2] *In re Yajure Hurtado* is not binding on this Court. *Cf. Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024) ("Courts need not and under the [Administrative Procedure Act] may not defer to an agency interpretation of the law simply because a statute is ambiguous.").

## *II. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

As relevant here, Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) "unlawfully mandates his continued detention and violates" the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq. Pet. ¶¶ 33-35. Petitioner seeks habeas relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *Id.* at 11.

Respondents argue that the "plain language of § 1225(b)(2)(A) straightforwardly applies in this case" because "Congress did not used the word 'arriving' to limit the scope of § 1225(b)(2)(A)'s mandatory-detention provision" "to 'arriving' noncitizens." Answer at 8-9 (emphasis omitted); *see also Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).[3]

---

[3] Respondents also argue that the "Court is without jurisdiction to hear Petitioner's [INA] challenge" due to the INA's jurisdiction channeling and stripping provisions. Answer at 6-8 (citing 8 U.S.C. § 1252(b)(9), (g)). Petitioner argues that these provisions do not affect his claims because he only "challenges the legality of his present detention." Pet'r's Reply at 4. Because Petitioner claims Respondents "violate[d] the INA" by "unlawfully" detaining him pursuant to § 1225(b)(2), Pet. ¶¶ 33-35, Petitioner "challenges one of the many . . . decisions or actions that may be part of the deportation process" "to which § 1252(g) is inapplicable." *Munoz*, 2026 WL 2200433, at *2 (internal quotation marks omitted) (concluding that the relevant statutes do not deprive the Court of jurisdiction to consider a habeas claim for violation of the INA based upon the detention of a noncitizen); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023).

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the parties' briefing, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to [8 U.S.C. § 1226(a)] (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶ 14; *Santillan Quiroz*, 180 F.4th at 1233-34. And as in *Santillan Quiroz*, Petitioner has been held in detention without a bond hearing or other "opportunity to argue for release." *Santillan Quiroz*, 180 F.4th at 1233-34; *see* Pet. ¶¶ 14, 29; *see also* Pet'r's Reply at 15-16. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claims for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[4]

[4] In his Reply, Petitioner argues that at any bond hearing the government should bear "the burden of demonstrating that continued detention is necessary." Pet'r's Reply at 18. The

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 11.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's Motion for Temporary Restraining Order (Doc. No. 5) is DENIED as moot.

3. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

Court need not address this request. *See Sow v. Cerna*, No. CIV-26-1376-G, 2026 WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026); *see also Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 & n.3 (W.D. Okla. July 7, 2026); *Munaf v. Geren*, 553 U.S. 674, 693 (2008). As discussed above, the habeas relief to which Petitioner is entitled is either "an individualized bond hearing" before "an immigration court" or "release." *Guzman Morales*, 2026 WL 1962374, at *2 & n.3; *Santillan Quiroz*, 180 F.4th at 1251 n.13; *see* 8 U.S.C. 1226(a)(2).

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge